Knowlton Platform and Car Coupling Company
*vs.* Fuller G. Cook.

Knox.    Opinion July 18, 1879.

*Assignment.   Indenture.   Construction.   Evidence.*

K, a patentee for a certain improvement in car couplings, and having in view certain other improvements therein; and having invented certain improvements in car platforms and draw bars, and having in contemplation certain other improvements therein, entered into an indenture with the defendant, S and R, by which the defendant, S and R were each to pay one-third of all expenses incurred in securing before and thereafter letters patent on the inventions, or contemplated inventions, and in introducing the inventions into actual use; and whenever any part of the patents were sold to any persons other than the defendant, S and R, for actual use, then the expenses of sale and further introduction to be paid by all the parties *pro rata.* K also agreed to devote his time and inventive powers to perfecting all the patents, and, as soon as letters were obtained, to assign to the defendant, S and R an undivided one-sixth thereof to each.   Subsequently K assigned a portion of his half to certain others, who with all others interested organized themselves into the plaintiff corporation under R. S., c. 48, §§ 18-20, for the purpose of manufacturing and selling the patented articles and licenses to make and use the same, all of the parties becoming stockholders therein.   Thereafter, K assigned to the plaintiff company all his title and interest in his two patents for improvement in car couplings, therein agreeing to assign to the plaintiffs all future improvements by him made in the premises, and that the full benefit of the indenture first named should accrue to and become the property of the plaintiffs.   Thereafterwards, the defendant, S and R assigned to the plaintiffs all their title and interest in the same patents, with an agreement that the full benefit of the indenture first named should accrue to and become the property of the plaintiffs.   In an action by the plaintiffs to recover one-third of the expenses mentioned in the indenture between K and the defendant, S and R: *Held,* that K's assignment to the plaintiffs did not include his claim for such expenses incurred before the assignment; and that K's assignment and the assignment of the defendant, S and R extinguished the indenture.

Parol evidence as to the understanding of the parties as to the effect of a written assignment of an indenture is inadmissible.

On report.

Assumpsit to recover balance of certain items of expenses enumerated in a certain indenture between C. H. Knowlton of the one party, and the defendant, J. D. Spear and J. E. Robinson, of the other, amounting to $110.13, less $43.42.

The plaintiffs claimed to recover by virtue of the indenture named and the assignments of Knowlton to the plaintiffs, and of the defendant, Spear and Robinson to the plaintiffs.

The indenture and assignments sufficiently appear in the opinion.

The plaintiffs offered evidence tending to prove that it was the understanding, at the formation of the plaintiff corporation, that the defendant, Spear and Robinson were to continue liable for expenses as before the organization, and that the plaintiffs were in fact to be subrogated to, or to succeed to the rights of Knowlton under the indenture ; also evidence to prove a reference by plaintiffs and defendant, a year or so after the incorporation of plaintiffs, of the question as to whether there had then been such a sale, under agreement "A," as to determine the liability of the defendant thereunder, as showing the construction placed upon the several agreements by these parties ; also evidence to prove that, subsequent to agreement "A," the stock or interest originally owned by or derived from C. H. Knowlton has never been assessed by the company for any expenses or liabilities, and that all the other stock has been, and that this was in pursuance of the original understanding at the making of agreement for incorporation.

Defendant objected to all parol evidence, because the several contracts and all the transactions between the parties are in writing, and cannot be enlarged, varied, controlled or explained by such evidence.

It was admitted for the purposes of this action that C. H. Knowlton has performed all that was obligatory upon him under the indenture, and that several patents have been taken out and assigned by him to the company since its formation ; and that J. P. Cilley, John Carr, Herbert C. Havener, Alonzo Snow and John C. Knowlton purchased the interest they owned at incorportion from C. H. Knowlton prior to the incorporation.

The action was marked law on report, with the stipulation that, if the parol testimony offered was admissible, or if the action was maintainable without it, the action was to stand for trial; otherwise plaintiffs to become nonsuited.

*C. E. Littlefield*, for the plaintiff, cited *Dwinel* v. *Barnard*, 32 Maine, 116. *Leffingwell* v. *Elliott*, 8 Pick. 455. *Holland* v. *Craft*, 3 Gray, 162. *Longley* v. *Longley*, 23 Maine, 39. *Haven* v. *Brown*, 7 Maine, 421. *Folsom* v. *Merch. M. Ins. Co.*, 38 Maine, 414. *Emery* v. *Webster*, 42 Maine, 204. *Bradford* v. *McCrary*, 45 Maine, 9. *Covel* v. *Hart*, 56 Maine, 518.

On the admissibility of evidence. 1 Greenl. Ev., §§ 289, note 2 ; 287, note 1. *Haven* v. *Brown, supra*. *Hatch* v. *Kimball*, 16 Maine, 146. *Fickett* v. *Swift*, 41 Maine, 65. *Courtenay* v. *Fuller*, 65 Maine, 156.

*T. P. Pierce*, for the defendant.

LIBBEY, J. Prior to January 3, 1873, Charles H. Knowlton had procured letters patent from the United States for improvement in car couplings, and had in view certain other improvements in car couplings ; and had invented certain improvements in car platforms and car bars, and had in contemplation certain other improvements relating to said subjects ; and on that day he entered into an indenture with the defendant, J. D. Spear and J. E. Robinson, by which the defendant, Spear and Robinson, on their part, agreed to pay, in equal shares of one-third each, all the expenses incurred in securing said letters patent, or that might thereafter be incurred in obtaining from the patent office letters patent on said inventions, or contemplated inventions, including models, drawings, fees and all reasonable expenses; also all expenses of making patterns, sample specimens, and introducing said inventions, or any of them, into actual use and trial; but whenever any of said patents or contemplated patents, or any part of them, should be sold to any person or persons other than said defendant, Spear and Robinson, for actual use, then from that time the expenses of sale and of further introduction should be paid by all of said parties in proportion to the share owned by each.

And said Knowlton on his part agreed to devote his time and inventive powers to improving and perfecting each and all of said patents and contemplated patents, and as soon as any other patent should be obtained from the United States on said subjects

he agreed to assign to said defendant, Spear and Robinson one undivided sixth part thereof to each.

Prior to October 14, 1874, said Knowlton had sold and assigned a portion of his half of said patents to Alonzo Snow, J. C. Knowlton, H. C. Havener, J. P. Cilley and John Carr, and on that day all the parties interested in said patents and inventions, by an agreement in writing of that date, associated themselves together for the purpose of organizing themselves as a corporation, by virtue of R. S., c. 48, §§ 18–20, "for the purpose of manufacturing and selling platforms, car couplings and connecting gear of cars, and letters patent; and to sell rights and licenses to make and use the couplings and inventions of Charles H. Knowlton." And on December 1, 1874, their incorporation for said purposes, under the name of the "Knowlton Platform and Car Coupling Company," with a capital stock of $50,000, all paid in, was perfected, all of said parties becoming stockholders therein.

On December 19, 1874, said Knowlton, in consideration of $7,500, sold and assigned to said company all his title and interest in his two letters patent for improvements in car couplings, one issued November 26, 1872, the other issued April 1, 1873. In the assignment said Knowlton agreed that whatever improvements might thereafter be made by him in car couplings and connecting gear, whether patented or not, should be assigned to and become the property of said company, and that the full benefit of the agreement made by and between himself and the defendant, Spear and Robinson, dated January 3, 1873, should accrue to and become the property of the company.

On February 8, 1875, the defendant, Spear and Robinson, in consideration of $25,000, sold and assigned to said company all their title and interest in said patents, with an agreement similar in terms to that in said Knowlton's assignment, transferring to the company all benefit of the said indenture of January 3, 1873.

The plaintiffs claim to recover of the defendant one-third of certain expenses specified in said agreement of January 3, 1873, incurred by said Knowlton prior to his assignment to them, and also one-third of such expenses incurred by them since said assignments.

Their claim to recover for the expenses incurred by Knowlton is based on the ground that the agreement in his assignment of his patents is an assignment to the plaintiffs of his right of action for said expenses against the defendant under said agreement of January 3, 1873.

We think that agreement, construed in the light of the subject matter to which it relates and the surrounding circumstances, is not an assignment by Knowlton to the plaintiffs of an existing right of action for expenses previously incurred ; but that it was the intention of the parties that the plaintiffs should take all benefit of the agreement of January 3, 1873, in the future only. If it was the intention of the parties to assign all existing rights of action for expenses previously incurred, we should expect them to use apter terms than those used to express that purpose, and to make some stipulation requiring the plaintiffs to do what Knowlton was required to do on his part by that agreement.

The plaintiffs' claim to recover one-third of the expenses incurred by them since the said assignments is based on the ground that the defendant's liability still continued, under said agreement of January 3, 1873, after said assignments. We think by a fair construction of the contracts this ground is untenable.

By that agreement Knowlton and the defendant, Spear and Robinson entered into mutual stipulations by which each party was to do certain things in regard to the patent then issued, and to any patent or patents that might be thereafter issued, to said Knowlton. By the new arrangement all the parties interested in said patents and inventions were to be, and were, incorporated for the purpose of owning and managing those patents and the business growing out of them, and both parties to the agreement of January 3, 1873, were to convey and assign, and did assign, to the plaintiffs all their interests in said patents, including all benefit to either party under said agreement.

By the assignment to the plaintiffs of that indenture by both parties thereto it became extinguished, and ceased to be an existing contract. There were no longer two parties to it. It had become merged in one. If there can be any doubt as to the legal effect of the contracts entered into between the parties, the

construction which we have given them is supported by the consideration that by the indenture of January 3, 1873, Knowlton was to devote his time and inventive powers to improving and perfecting his patent and contemplated patents, and when a new patent was procured, the defendant was entitled to an assignment of one-sixth of it; but by said Knowlton's agreement with the plaintiffs, he was to assign to them all such new patents and inventions, and did procure and assign several to them. If the defendant's liability still continued under that indenture, he would be entitled to one-sixth of the new patents procured and assigned to the plaintiffs, but by his assignment to them of his interest in the indenture he ceased to have any right to a share of such patents. Moreover the plaintiffs, by their acts after said assignments, seem to have put upon them the same construction which we have given them, for by their votes from time to time, they assessed the expenses which they incurred upon their stockholders.

The parol evidence offered is not admissible, as it would contradict the written contracts between the parties, and control their legal effect.

*Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.